# UNITED STATES DISTRICT COURT
## District of Minnesota

Odildzhon Ermatov,

Petitioner,

v.

Pamela Bondi, Kristi Noem, Todd M. Lyons, David Easterwood,

Respondents.

## JUDGMENT IN A CIVIL CASE

Case Number: 26-cv-312 JWB/DTS

☐ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. The Petition for a Writ of Habeas Corpus (Doc. No. 1) is **GRANTED IN PART**.

2. Respondents shall, within seven (7) days of this Order, either:

   a. Complete inspection and examination of Petitioner pursuant to 8 U.S.C. § 1159(a), and file a notice confirming that inspection has been completed, identifying the outcome, and stating whether Respondents contend that continued detention is authorized on a specified lawful basis; or

   b. Immediately release Petitioner from custody in Minnesota, and file a notice confirming the date, time, and location of release.

3. Pending compliance with this Order, Respondents shall not transfer or remove Petitioner from this District. If Petitioner has been transferred outside the District of Minnesota, Respondents shall immediately return Petitioner to this District, file a notice confirming the date and time of return, and complete the requirements of the preceding paragraph within seven (7) days of Petitioner's return. Under either circumstance, Petitioner has the right to have counsel attend their inspection.

4. Nothing in this Order adjudicates the merits of Petitioner's adjustment application or removal proceedings, if any.

5. The relief ordered here is intended to ensure that habeas review is meaningful. If Petitioner is released pursuant to this Order, Respondents may not re-detain Petitioner on the same factual record and under the same statutory theory rejected by this Order, absent materially changed circumstances or a different and lawful basis for custody. Nothing in this Order precludes Respondents from taking lawful action supported by new fact or distinct statutory authority.

6. Petitioner's other claims are not reached.

Date: 1/17/2026

KATE M. FOGARTY, CLERK